WIGGINTON, Chief Judge
(dissenting).
I regret that I am unable to agree with the majority opinion that the pleadings, affidavits, depositions, and exhibits contained in the file and considered by the trial court at the hearing on defendants’ motion for summary judgment reveal the éxistence of any genuine issue of a material fact sufficient to create a jury question and to preclude defendants from entitlement to judgment as a matter of law.
The accident resulting in the death of plaintiff’s decedent occurred on a heavily traveled four-lane state highway divided by a median strip in clear daylight at a point just west of the city limits of Milton, Florida, in a 45-mile-an-hour speed zone. Defendant was operating her motor vehicle in a westerly direction on the inside traffic lane next to the median strip at a speed of about 40 miles an hour, and was closely followed by a vehicle driven by a disinterested witness traveling in the outside traffic lane. The disinterested witness testified that he saw the decedent standing on the northerly or right-hand shoulder of the highway about 100 yards away; that *44 decedent suddenly started walking at a fast rate of speed directly across the highway in front of defendant’s and the witness’ approaching vehicles and appeared to be looking directly at the witness as he proceeded across the road; that as the decedent entered the inside traffic lane in which defendant’s vehicle was traveling, the witness saw defendant’s brake lights flash on and almost simultaneously the decedent was struck by defendant’s vehicle which instantly resulted in death; that only an instant elapsed between the time the witness first saw decedent dart out into the road ahead of him and the time decedent was struck by defendant’s vehicle. Defendant testified that as she was operating her vehicle westerly, she did not see the decedent crossing the road in front of her until he entered the traffic lane in which she was traveling at a point 10 or 12 feet in front of her vehicle; that the moment she saw decedent she applied her brakes and swerved her vehicle to the left but was unable to avoid striking him.
The foregoing is essentially all the evidence pertaining to the exact manner in which decedent met his death when struck by the vehicle operated by defendant. Accepting these facts as true, and indulging all reasonable inferences against defendant, I am unable to conclude that defendant was guilty of negligence in the operation of her vehicle at the time of the accident. The majority opinion appears to be predicated on the proposition that even though defendant did not see the decedent until it was too late to avoid striking him with her vehicle, that a genuine issue exists as to whether defendant was negligent in failing to have seen the decedent earlier than she did and in time to have avoided the accident. Giving full credit to the testimony of the disinterested witness, it is my view that such an issue would be entirely speculative, conjectural, and unsupported by the facts. Even if this were a valid issue regarding defendant’s negligence, the evidence shows without any dispute that the decedent was guilty of contributory negligence as a matter of law when he attempted to walk across the two west-bound traffic lanes of the highway directly in front of rapidly moving oncoming traffic, the approach of which he was fully aware. Such contributory negligence bars plaintiff from recovery as a matter of law and requires entry of judgment in defendant’s favor.
Because of the foregoing I conclude that the summary judgment was properly rendered by the trial court in this case and should be affirmed.